877 F.2d 682
 Michael D. MURPHY, Appellant,
v.
Jim JONES, Sally Walls, Jerry Hudson, Maurice Guerrin, James
Moore, Terry Morris, Lee Roy Black, Raymond Newberry,
Missouri Department of Corrections, Donald Wyrick, C.R.
Anderson and James L. Dodd, Appellees.
 No. 88-1519.
 United States Court of Appeals,
Eighth Circuit.
 Argued April 11, 1989.
Decided June 12, 1989.
 
 William M. Spieler, St. Louis, Mo., for appellant.
 Paul LaRose, Jefferson City, Mo., for appellees.
 Before FAGG, Circuit Judge, FLOYD R. GIBSON and TIMBERS,* Senior Circuit Judges.
 TIMBERS, Circuit Judge:
 
 
 1
 Appellant Michael D. Murphy appeals from a judgment entered February 10, 1988 in the Eastern District of Missouri, Northern Division, George F. Gunn, Jr., District Judge, adopting a magistrate's report and recommendation and dismissing appellant's Sec. 1983 civil rights action on a motion for summary judgment on the ground that the action was barred by res judicata.
 
 
 2
 On appeal, appellant argues that dismissal was improper since the instant action involves claims different from those raised in his prior action which was settled with prejudice. We disagree. We affirm the district court's dismissal of the action.
 
 I.
 
 3
 We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.
 
 
 4
 During May 1984,[1] appellant, an outspoken white supremacist and a member of the Church of Jesus Christ Christian/Aryan Nations, was incarcerated at the Missouri Training Center for Men (MTCM) located in Moberly, Missouri. On May 14, appellant was cited for violation of Prison Rule 13 (Possession of Drugs and Intoxicating Substances). He was placed in detention. On May 18, the drug charge was withdrawn and rewritten, and appellant was further charged with violation of Prison Rule 5 (Conspiracy to Commit Riot). In the interim, he was transferred for security reasons to Special Management Unit 5-C of the Missouri State Penitentiary (MSP), located in Jefferson City, Missouri. Disciplinary proceedings on the two violations went forward later that month. Appellant was found guilty of both violations. The Prison Adjustment Board recommendation on each violation was the same, namely, that appellant be transferred to MSP's maximum security unit but that he not be prosecuted.
 
 
 5
 In August, appellant commenced an action pursuant to 42 U.S.C. Sec. 1983 (1982) in the Eastern District of Missouri, Northern Division (No. N84-92C) (first action) naming various prison officials as defendants. In that action, appellant challenged his riot violation and alleged that he had been transferred from MTCM to MSP because of religious discrimination and that he had not received due process during the disciplinary proceedings on his conduct violation. This action was settled pursuant to a formal agreement filed May 30, 1986 wherein appellant's claims were dismissed with prejudice in exchange for an agreement by the state to expunge the Rule 5 violation from appellant's record.
 
 
 6
 On March 11, 1987, appellant commenced the instant action pursuant to Sec. 1983 in the Eastern District of Missouri, Northern Division (second or instant action). In this action, appellant challenges his Rule 13 drug violation, again arguing that he was transferred to MSP because of religious discrimination and that he was denied due process during the disciplinary proceedings on his conduct violation. With the exception of Jim Jones, C.R. Anderson, and James L. Dodd, who at all times here relevant allegedly served as Missouri state employees in various capacities, all of the defendants in the instant action (appellees here) were defendants in the first action.
 
 
 7
 Appellees[2] moved for summary judgment on the ground that the instant action is barred by res judicata. They asserted that, since appellant's claims concerning his Rule 13 drug violation either were or could have been raised in the first action, he was barred by res judicata from again raising them in the instant action. In a Report and Recommendation filed December 14, 1987, David D. Noce, United States Magistrate, recommended that summary judgment in favor of appellees be granted. In an order entered February 10, 1988, George F. Gunn, Jr., District Judge, adopted the magistrate's report and recommendation and dismissed appellant's second action.
 
 
 8
 On appeal, appellant argues that summary judgment on the ground of res judicata was improper since (1) two different events and causes of action were involved in the prior and instant litigation, and (2) there is a disputed issue of material fact as to what issues were concluded in the prior negotiated settlement agreement. Appellees argue that summary judgment was proper since the claims raised in the instant action either were or could have been raised in the first action.
 
 
 9
 For the reasons stated below, we affirm the dismissal of appellant's second action on the ground that it is barred by res judicata.
 
 II.
 
 10
 The doctrine of res judicata bars relitigation of a claim if three requirements are met: (a) the prior judgment was rendered by a court of competent jurisdiction; (b) the prior judgment was a final judgment on the merits; and (c) the same cause of action and the same parties or their privies were involved in both cases. Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir.1987). The parties do not dispute that requirements (a) and (b) have been satisfied. The sole question is whether, for res judicata purposes, the two actions involved the same cause of action and the same parties or their privies.
 
 
 11
 We have adopted the position of the Restatement (Second) of Judgments in determining whether two separately asserted claims arise from the same cause of action for res judicata purposes:
 
 
 12
 " 'When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose' ".
 
 
 13
 Poe v. John Deere Co., 695 F.2d 1103, 1106 (8th Cir.1982) (quoting Restatement (Second) of Judgments Sec. 24(1) (1982)). What constitutes a "transaction" or "series of connected transactions" is
 
 
 14
 " 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage' ".
 
 
 15
 Poe, supra, 695 F.2d at 1106 (quoting Restatement (Second) of Judgments Sec. 24(2) (1982)). Put another way, whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate. Hufsmith v. Weaver, 817 F.2d 455, 461 (8th Cir.1987); Ruple v. City of Vermillion, 714 F.2d 860, 861 (8th Cir.1983), cert. denied, 465 U.S. 1029 (1984); Poe, supra, 695 F.2d at 1106; Headley v. Bacon, 668 F.Supp. 1315, 1316-17 (D.Neb.1986),vacated on other grounds, 828 F.2d 1272 (8th Cir.1987).
 
 
 16
 The magistrate's report and recommendation adopted by the district court in the instant case concluded that the claims asserted by appellant here were barred by res judicata since they arose out of the same incident or series of transactions involved in appellant's first action. Appellant asserts that the two causes of action are separate and distinct in that his first action dealt with disciplinary proceedings arising from his Rule 5 violation (Conspiracy to Commit Riot), while the instant action concerns disciplinary proceedings arising from his Rule 13 violation (Possession of Drugs and Intoxicating Substances).
 
 
 17
 Both claims alleged discrimination based on appellant's religious beliefs and denial of due process during the disciplinary proceedings. The alleged motivation of appellees in both claims are virtually identical. Appellant's two alleged violations apparently occurred within several days of each other and were written up on the same day, May 18, 1984. Appellant was interviewed on May 21 regarding the two violations at the same time by the same interviewing officer and was heard again on both violations by the same Classification/Treatment team during the late morning of May 23. Prison Adjustment Board hearings were held and final recommendations were made on both violations at virtually the same time by the same Board during the early afternoon of May 29.
 
 
 18
 Appellant's primary alleged injury--transfer to the maximum security unit of MSP--was the recommended disposition in both violation proceedings and is a fact common to both actions. Pragmatically speaking, the facts involved in both claims are related in time, space, origin, and motivation. Moreover, as stated above, the defendants in both actions are very nearly identical. In this respect, as well as the others referred to above, the two claims would have formed a convenient trial unit.
 
 
 19
 Appellant asserts that the proof concerning the incident which gave rise to the instant Sec. 1983 action (Rule 13 drug violation) differs from that which would have been adduced at the trial of his first Sec. 1983 action which arose from his Rule 5 riot violation. In Poe, we held that "[f]or the purpose of determining whether a plaintiff presents two separate claims, we have looked to whether or not proof of the same facts will support both actions, or to whether the wrong for which redress is sought is the same in both actions". Poe, supra, 695 F.2d at 1106 (citing Woodbury v. Porter, 158 F.2d 194, 195 (8th Cir.1946)).
 
 
 20
 We are not persuaded by appellant's assertion that the proof in his two actions differs in significant respects. By his own admission, proof of the facts as to appellees' motivation for the alleged violations (religious discrimination) would be the same. The alleged injury in both actions--transfer to MSP maximum security and the placing of the contested violations in his permanent record--also is virtually identical in the two actions. Furthermore, proof of the alleged due process deprivations would involve proof of very similar actions by the same people which occurred at virtually the same time with respect to the two violations. In short, the proof in the two actions would be virtually the same. The two claims arise out of the same nucleus of operative fact and involve the same factual predicate.
 
 
 21
 Appellant's remaining argument is based on the affidavits of the opposing attorneys in his first action, each of whom was involved in the negotiations which led to the settlement in that action. In their affidavits, the two attorneys disagreed as to whether appellant's Rule 13 drug violation was discussed in the settlement negotiations. Appellant asserts that these conflicting affidavits establish a genuine issue of material fact as to whether the Rule 13 violation actually was addressed or decided in the first action, and that summary judgment in the instant action therefore was improper.
 
 
 22
 As the magistrate below stated, these affidavits on their face might seem to present a genuine issue of fact.[3] The question whether the Rule 13 violation actually was addressed in the first action is not material, however, since all that need be shown in deciding the res judicata issue is that the claim was sufficiently related to the claim asserted in the first action so that it could have been raised in the first instance. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); Poe, supra, 695 F.2d at 1105; see also Headley, supra, 828 F.2d at 1275 ("[R]es judicata may operate for practical purposes to require joinder of claims by barring their assertion in later actions.").
 
 
 23
 Since appellant's two claims arise from the same nucleus of operative fact and therefore involve the same transaction or series of transactions, res judicata required that he raise his claim based on the Rule 13 violation in the first action or else lose the right to assert it later. The district court properly dismissed the instant action since it was precluded by the dismissal with prejudice of appellant's claims in his first action.
 
 III.
 To summarize:
 
 24
 We hold that, since the instant action arises out of the same nucleus of operative fact or factual predicate as the earlier Sec. 1983 action commenced by appellant which was settled with prejudice, he is precluded by res judicata from pursuing the instant action. The district court's dismissal of this action upon a motion for summary judgment thus was proper.
 
 
 25
 Affirmed.
 
 
 
 *
 Of the Second Circuit, sitting by designation
 
 
 [1]
 All dates in this chronology are in the year 1984, unless otherwise stated
 
 
 [2]
 The original motion for summary judgment was made by all appellees except Lee Roy Black, Donald Wyrick, C.R. Anderson and James L. Dodd. On December 14, 1987, the magistrate allowed Anderson and Dodd to amend by interlineation the original motion for summary judgment. Black and Wyrick later were dismissed from the action pursuant to Fed.R.Civ.P. 4(j)
 
 
 [3]
 We question, however, whether there truly exists a genuine issue as to whether the Rule 13 violation was actually raised in the first action. In his brief, appellant states that the instant action was filed only after his discovery in mid-1986 that his Rule 13 violation had not been removed from his record. He explains that "[a]t the time of the settlement of the previous case, [he] was under the impression that both the Rule 5 and the Rule 13 violations would be expunged from his record". Therefore, by appellant's own admission, it appears that the Rule 13 violation was discussed during the settlement negotiations in the first action