991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Irving Ottis RECTOR, Jr., Appellant,
v.
GARLAND COUNTY, AR; Terri Harris, Public Defender, Garland
County Circuit Court; Daniel Becker, Public
Defender, Garland County Circuit Court, Appellees.
 No. 92-3958.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 8, 1993.
Filed: April 14, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Irving O. Rector, Jr., an Arkansas inmate, appeals pro se from the district court's[1] order dismissing his complaint. We affirm.
 
 
 2
 Rector filed this 42 U.S.C. § 1983 action against Garland County and public defenders Terri Harris and Daniel Becker. Rector claimed he received ineffective assistance of counsel in his August 1992 criminal conviction. Rector alleged that defendants conspired with the prosecution to obtain a "wrongful conviction" by withholding evidence and by coercing him to plead guilty, and defendants refused to file an appeal. Rector requested monetary damages, release from prison, and the state charges expunged.
 
 
 3
 The district court summarily dismissed Rector's complaint based on the principles of res judicata and collateral estoppel. Rector previously had filed a section 1983 action in which he made the same allegations concerning his August 1992 criminal conviction. He named the same defendants, as well as other parties, and requested identical relief. See Rector v. Garland County, No. 92-6087 (W.D. Ark. Oct. 28, 1992) (unpublished).
 
 
 4
 Res judicata precludes the relitigation of a claim if: "(a) the prior judgment was rendered by a court of competent jurisdiction; (b) the prior judgment was a final judgment on the merits; and (c) the same cause of action and the same parties or their privies were involved in both cases." Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989). Two claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate. Id. at 684-85.
 
 
 5
 Here, with respect to the claims that defendants withheld evidence and coerced Rector to plead guilty, we agree with the district court that the three requirements of res judicata are satisfied.
 
 
 6
 Rector's claim that defendants refused to file an appeal may be dismissed because a public defender is not a state actor within the meaning of section 1983. Polk County v. Dodson, 454 U.S. 312, 318 (1981). Furthermore, Rector's claim against Garland County may be dismissed because he fails to allege any facts to support such a claim.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas