**In re Frank MILLER, Richard Cawley and Diana Cawley, Steven Reese and Lavonne Reese, David Monge, Arlyn Burkhart and Pattie Burkart, Robert Knutson and Rita Knutson, Debtors.**

**Bankruptcy Nos. 3–91–4865, 3–89–2334, 3–89–2243, 3–89–2242, 3–90–3811 and 3–90–591.**

United States Bankruptcy Court, D. Minnesota, Third Division.

April 16, 1993.

James Dailey, Mankato, MN, for debtors.

Mark C. Halverson, Mankato, MN, as and for Chapter 7 Trustee.

### ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter comes before the Court on the motion of the Chapter 7 Trustee for a conditional closing of the bankruptcy file and the motion of the Debtors for leave to amend their bankruptcy schedules. The above-captioned cases all involve identical issues; therefore, the Court will resolve the matters in one opinion. James J. Dailey appeared for the Debtors. Mark Halverson appeared as and for the Chapter 7 Trustee. Based upon the arguments of counsel, the files and records, the Court makes its findings of fact and conclusions of law pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

### FACTS

All five of the Debtors are in the same procedural position. Each filed bankruptcy under 11 U.S.C. Chapter 7 between June 20, 1989, and August 22, 1990. Each attempted to exempt 401k pension funds in their original schedules under either state or federal exemptions. In each case, the Trustee brought a motion for summary judgment objecting to the exemptions. Debtors interposed either an answer or a response alleging that the exemption was

allowable under either 522(d)(10)(E) or MINN.STAT. § 550.37, Subd. 24. The Court granted the Trustee's motions for summary judgment, holding that the 401k pension and profit sharing plans were property of the estate and not exempt.[1] Each Debtor failed to appeal from the denial.

On September 2, 1992, the Trustee moved for conditional closing of the bankruptcy cases, subject to reopening when the 401k funds would otherwise become available to the Debtors. Debtors responded by moving to vacate the Court's previous orders and to exclude the 401k pensions from the estate entirely based on 11 U.S.C. § 541(c)(2), citing *Patterson v. Shumate*, — U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). *Patterson* holds that a debtor's interest in a self-settled trust containing an ERISA anti-alienation provision is excluded from the bankruptcy estate under § 541(c)(2) of the Bankruptcy Code, even though the trust does not otherwise qualify as a spendthrift trust under state law.

The Trustee argues that: the Bankruptcy Court's orders and judgments were final orders and judgments becoming the law of the cases; collateral estoppel and/or res judicata preclude raising the exclusion issue by the Debtors; and, *Patterson* cannot be applied retroactively to now exclude the ERISA plans from the estates.[2]

## II.

## DISCUSSION

### A. Generally

■ The Trustee argues that, because the earlier orders were final, the Debtors are precluded from invoking *Patterson* to exclude the pension funds from property of the bankruptcy estates by collateral estoppel or res judicata. These principles embody the fundamental precept that once a right, question, or fact has been put in issue and decided by a court, the same

parties or their privies cannot relitigate the same right, question, or fact in a subsequent lawsuit. The doctrines serve both the judiciary and the public. They serve the judiciary by conserving its resources, and by fostering reliance on judicial decision. They serve the public by sparing litigants the cost and vexation of multiple lawsuits and by providing certainty, an end to litigation, and a binding answer. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); and *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

■ Collateral estoppel precludes relitigation of issues that were litigated by the parties in earlier proceedings. "Under the doctrine of collateral estoppel, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir.1990) (citations omitted). Essentially, it prevents the same issue from being litigated twice. *Id.* See also: Boshoff, Bankruptcy in the Seventh Circuit: 1991, 25 Ind.L.Rev. 981 (1991).

■ Res judicata precludes litigation of claims that were involved in earlier proceedings between the same parties. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Lane* at 741. Thus, res judicata precludes the relitigation of a claim, or closely related claims, on grounds that were raised or could have been raised or asserted in a prior action. *Id.*

### B. Collateral Estoppel

Traditionally, courts have recognized that for collateral estoppel to apply against

---

**1.** *See:* Orders dated between January 17, 1991 and December 13, 1991.

**2.** The law in the Eighth Circuit at the time of the denial of the exemptions was that the anti-alienation requirements of the Employee Retirement

Security Act of 1974 as amended (ERISA) did not constitute "applicable nonbankruptcy law" within the contemplation of § 541(c)(2). *In re Graham*, 726 F.2d 1268 (8th Cir.1989), *In re Swanson*, 873 F.2d 1121 (8th Cir.1989).

a party, four prerequisites must be met: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been determined by a valid and final judgment; (3) the issue must have been actually litigated in the prior action; and, (4) the determination must have been essential to the prior judgment. *Id.* *See also Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F.2d 347, 356 (8th Cir.), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 905, 83 L.Ed.2d 920 (1984). An additional element has been added by the Eighth Circuit, in that, the party against whom the earlier decision is being asserted must have had a "full and fair" opportunity to litigate the issue in the prior adjudication. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991).

■ The issue raised by the Debtors' motions is whether their interests at filing in the pension/profit sharing plans are property of their estates under § 541. This same issue was before the Court upon trustee's earlier objections to exemptions. The facts have not changed, and the legal argument presented here is different only in form. In the first exemption proceeding, the Debtors attempted to exempt the pension plans from the estates, and in this second proceeding, they argue that the plans never became property of the estates. In both proceedings, a necessary issue is whether these particular 401k pension plans are to be under the control of the trustee and are part of the estate under § 541. In the exemption litigation, the Debtors assumed and accepted the plans to be § 541 estate property, subject to their exemption rights. In this proceeding, they claim that the plans are not § 541 estate property. The issue has not changed. The Debtors have simply changed their positions on the issue. Accordingly, the Court finds that the identification of issues requirement for the application of collateral estoppel has been met.

■ Second, for collateral estoppel to apply there must have been a final order or judgment on the merits on the issue to be precluded.[3] "A court's order or judgment can never have any preclusive effect on future litigation unless that order or judgment constitutes a final decision on the merits." *In re Justice Oaks*, 898 F.2d 1544 (11th Cir.1990).[4] The Debtors assert that there have been no final judgments rendered in their cases upon the merits, since jurisdiction over the 401k pension funds was just one question to be answered when compared to the bankruptcy cases as a whole, which continued. The Eighth Circuit has recently held that a bankruptcy court order sustaining or overruling an objection to exemption is final for purposes of 28 U.S.C. § 158(d).[5] *Huebner v. Farmers State Bank (In re Huebner)*, 986 F.2d 1222 (8th Cir.1993). Other courts that have considered the question have also found exemption orders to be final orders. *See: In re Barker*, 768 F.2d 191, 193–194 (7th Cir. 1985); *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir.1985). The Court concludes that the Orders determining exemption status of the 401k pension plans in these cases were final orders which were subject to appeal. Accordingly, the Court finds that

---

**3.** There is an implicit assumption here that there must be a final "prior adjudication" which decided the issue. It is true that "a proceeding in bankruptcy, from the time of its commencement ... until the final settlement of the estate, is but one suit". *Collier–Vol 1:2.12(a).* However, proceedings within a single bankruptcy case which adjudicate issues of law and fact can, for purposes of res judicata and collateral estoppel, preclude relitigation of those same issues at later stages of the bankruptcy suit. *See Morrow v. Dillard,* 580 F.2d 1284 (5th Cir.1978).

**4.** However, principles of finality play an important role in the judicial process. The preclusive effects of a final judgment on the merits will not

be ignored, even if final judgment may have been wrong or rested on a legal principle subsequently overruled on another case. *Tosco Corp. v. Hodel,* 611 F.Supp. 1130, 1158 (D.C.Colo. 1985); *see also In re Justice Oaks,* 898 F.2d 1544, 1552 (11th Cir.1990) ("assuming all other requirements satisfied, an erroneous former judgment from which no appeal was taken may still have preclusive effect").

**5.** 28 U.S.C. § 158(d) provides: The Courts of appeal shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

the finality requirement for application of collateral estoppel has been met.

■ The third requirement for collateral estoppel is that the issue must have been actually decided in the prior adjudication. Usually "an express finding in a valid final judgment is good enough" to meet this requirement. *Grip–Pak v. Illinois Tool Works*, 694 F.2d 466, 469 (7th Cir.1982). The Court's orders denying the exemptions, expressly stated that the funds in question "shall remain property of the debtor's bankruptcy estate[s]." That the pension funds were to be included in the estate under § 541 was thus actually decided in the prior adjudication. Therefore, they cannot now be excluded under another theory. Accordingly, the requirement of factual litigation has been met.

■ However, to have preclusive effect, this finding must be necessary to the judgment and the parties must have had fair opportunity to litigate the issue. The rationale behind these requirements is fairness to the party against whom preclusion is to be asserted, so the party is not precluded by surprise judicial findings which may decide extraneous matters. The issue actually decided in the prior adjudication must have been necessary or essential to the judgment in the prior adjudication. This is based "both on diminished confidence due to the lack of essentiality and on the unavailability of appellate review." *Avondale Shipyards v. Insured Lloyd's*, 786 F.2d 1265, 1271 (5th Cir.1986).

■ The rulings that the 401k pension funds were properties of the estates under § 541 were necessary and essential foundations for the Court to rule on exemptibility under § 522.[6] A court order determining the status of property under § 522, to be sound, must first have determined that the property was part of the estate under § 541. "Necessary inferences from judgments, pleadings, and evidence will be giv-

en preclusive effect." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507 (9th Cir. 1985). There is a necessary inference from a ruling on a claimed exemption that the property under scrutiny has been determined to be property of the estate under § 541. Further, a necessary inference from a ruling that property is part of the estate under § 541, is that the exclusion under § 541(c)(2) is not applicable. Accordingly, the Court finds that the essentiality requisite has been met.

■ Finally, the Debtors had a full and fair opportunity to litigate the § 541 exclusion issue at the first proceeding. It is true that at the time the Court heard argument on the trustee's objections to exemptions, the clear law in the Eighth Circuit was that the 401k plans were property of a debtor's estate. *See In re Graham*, 726 F.2d 1268 (8th Cir.1989); *In re Swanson*, 873 F.2d 1121, 1123 (8th Cir.1989). However, this does not mean that the Debtors were denied an opportunity to litigate the issue. Further, it is evident from the *Patterson* decision that there was a substantial incentive for the Debtors to litigate and appeal this issue and urge reversal. Accordingly, the Court finds that the opportunity to litigate requisite has been met.

■ All of the requisites have been met for the application of collateral estoppel to preclude the Debtors from raising the issue of exclusion of the pension plans from their estates pursuant to § 541(c)(2).

### C. *Res Judicata*

■ The law in the Eighth Circuit, regarding res judicata generally, is that: "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases". *Lane v. Peterson,*

---

**6.** For example, *see: Ross–Berger Companies v. Equitable Life Assur. Soc.*, 872 F.2d 1331 (7th Cir.1989). In that case, a previous judgment had been entered against a landlord for breach of a lease. In a subsequent proceeding, the landlord attempted to challenge the validity of

the lease in question, and the court held he was collaterally estopped from raising the issue. This was because a judgment ruling on a breach, in order to be satisfactory, must necessarily have found a valid lease to begin with.

899 F.2d 737 (8th Cir.1990) at 742, *citing Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir.1989). The later claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim.[7] The *Lane* Court stated:

> The operative question in each case is whether the claims arise out of the same nucleus of facts. As stated in Restatement (Second) of Judgments,
>
>> [t]he present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split. Restatement (Second) of Judgments 24, comment a at 197 (1980) [footnote omitted].
>
> *Lane*, at p. 743.

█ Here, the first two requirements have been met. Jurisdiction is not disputed; and the prior orders and judgments were final. The third requirement is also met. The actions involve the same nucleus of operative facts. Both the prior and present proceedings involve claims of entitlement to the pension plans. The original actions involved objections by the Trustee to the Debtors' attempts to exempt the property from the estates. In those matters, the property was conclusively presumed to be estate property, subject to exemption under § 522. Under the Debtors' present theory, they contend that their interests in the plans were never property of their estates because they are excluded under § 541(c)(2). The claim is entitlement. Both the § 522 and § 541 involve determinations of entitlement to the vested pensions at filing as between the Debtors and their estates. Essentially, § 522 and § 541 can be viewed as the basis for variant forms of relief asserted by the Debtors and the Trustee as to their competing claims of entitlement to the pension plan funds.

The Debtors' reliance, in the second proceeding, on different substantive law and new legal theories, does not preclude the operation of res judicata. Contrary, the doctrine prevents a party from suing on a claim that is in essence the same as a previously litigated claim, but is dressed up to look differently. *Lane* at 744.

Here, both the exemption and exclusion actions arise out of the same nucleus of operative facts because they involve a determination of entitlement to the vested pensions at filing as between the Debtors and their estates. The basis for the actions originated at filing. The motivation of both actions is singular, to establish entitlement to the same property. Accordingly, all of the requisites of res judicata exist to preclude the Debtors from relitigating the claim of entitlement to the pension funds pursuant to the newly raised theory of exclusion under § 541(c)(2).

### D. Retroactivity of Patterson v. Shumate

What the Debtors are essentially trying to achieve is retroactive application of the *Patterson* decision to their benefit. The United States Supreme Court has held that:

> [O]nce suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed ... in civil cases unlike criminal there is more potential for litigants to freeload on those without whose labor

---

7. What is considered is whether the transaction or series of connected transactions are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectation. "Put another way, whether two claims are the same ... depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *See: Murphy v. Jones*, 877 F.2d 682, 684-685 (8th Cir.1989). Basically, preclusion turns on the right to join the claim, not on whether the claim was actually advanced. Claims need not have been actually litigated to be precluded in a subsequent action, they need only to have been available to the plaintiff in the original action. For practical purposes, res judicata requires joinder of claims by barring their assertion in later actions. *Id.* at 686.

the new rule would never have come into being ... While those whose claims have been adjudicated may seek equality, a second chance for them could only be purchased at the expense of another principle. 'Public policy dictates that there be an end to litigation; that those who have contested an issue shall be bound by the result of that contest, and that matters once tried shall be considered forever settled as between parties.' (citations omitted) Finality must thus delimit equality in a temporal sense, and we must accept as a fact that the argument for uniformity loses force over time.

*James B. Beam Distilling Co. v. Georgia,* — U.S. ——, ——, 111 S.Ct. 2439, 2446–2447, 115 L.Ed.2d 481 (1991).

As previously discussed, the Court has found that the principles of res judicata and collateral estoppel apply to Debtors' attempt to now exclude their vested interests at filing in ERISA plans as property of their estates. The previous orders were final and held that the Debtors' ERISA plans were, in fact, property of the estates not subject to exemption. Debtors failed to pursue these decisions on appeal. They cannot now relitigate, based on a change of their positions.

Finality of judgments is an important principle which should be left undisturbed. Otherwise, judgments will be undermined with every change in relevant substantive law that is subsequently made. There would be no closure.

Accordingly, collateral estoppel and res judicata bar reopening the door regarding the status of Debtors' ERISA plans as they relate to their bankruptcy estates and the retroactive application of *Patterson.*

### III.

### DISPOSITION

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Trustee's motion to conditionally close the above-captioned bankruptcy cases is granted.

2. The Debtors' motions: for vacation of this Court's previous orders; and, for

the exclusion from property of the estates, the vested interests at filing in their ERISA plans under 11 U.S.C. § 541(c)(2), is denied. The ERISA pension plan interests remain property of the estates, under the law of the cases, to be administered by the Trustee at a later date.