876 F.Supp. 1080 (1994)
Rufus SUMLIN, et al., Plaintiffs,
v.
Robert KREHBIEL, et al., Defendants.
No. 4:93CV02047 GFG.
United States District Court, E.D. Missouri, Eastern Division.
December 14, 1994.
Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Chief Counsel, Litigation Div., David A. Johnston, Asst. Atty. Gen., Jefferson City, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the pending motions. After a review of the record in this case, the Court concludes that the claims raised in this case are barred and subject to dismissal under the doctrine of res judicata by the judgment of the Honorable Stephen Limbaugh in Melvin Leroy Tyler, et al. v. Ashcroft, et al., Cause No. 4:92CV1386 SNL (E.D.Mo. filed December 9, 1994) *1081 adopting the Order and Recommendation of the Honorable Catherine D. Perry filed on August 31, 1994.
Federal law governs the issue of res judicata in this case because the earlier lawsuit, Cause No. 4:92CV1386 SNL, and this lawsuit, Cause No. 4:93CV2047 GFG, are cases in which federal questions are presented. See Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 448 n. 3 (8th Cir.1979). In general, the doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). The res judicata bar applies if "(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir.1987).
Under the doctrine of res judicata, a judgment on the merits of a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). For res judicata purposes, a "claim" or "cause of action" is the same when it arises out of the same nucleus of operative fact or is based upon the same factual predicate. Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir.1989). The doctrine of res judicata precludes relitigation of a claim on grounds that were raised or could have been raised in the prior action. Lane v. Peterson, 899 F.2d 737, 741 (8th Cir.), cert. denied, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990); Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982).
Privity exists between the plaintiffs in the two cases, because plaintiffs have such a close relationship, bordering on near identity, that they are for purposes of res judicata the same parties. Midcontinent Broadcasting Co. v. Dresser Industries, Inc., 669 F.2d 564, 566 (8th Cir.1982). Similarly, a person is in privity with a party or a prior action if "the interests of the non-party are so closely related to the interests of the party, that the non-party can fairly be considered to have had his day in court." Gribben v. Lucky Star Ranch Corp., 623 F.Supp. 952, 960 (W.D.Mo.1985). Since some of the plaintiffs in this case were not plaintiffs in the earlier case, res judicata can bar their claims only if they were in privity with the plaintiffs in that case. The plaintiffs in both cases are inmates presently or formerly incarcerated at the Farmington Correctional Center. Moreover, the Court notes that some of the plaintiffs in this case requested consolidation of the two cases. The Court finds that the interests of the plaintiffs in the two cases are the same and will therefore dismiss this case as barred by the doctrine of res judicata.