The COUNTY OF BOYD, a Nebraska Political Subdivision; The Boyd County Local Monitoring Committee, on Behalf of Themselves and All Others Similarly Situated, Appellants,

v.

US ECOLOGY, INC., Appellee.

No. 94–2887.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 24, 1995.

Patricia A. Knapp, Lincoln, NE, for appellant.

Steven G. Seglin, Lincoln, NE (Marti J. Brockmeier, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.

WOLLMAN, Circuit Judge.

The district court [1] granted summary judgment for US Ecology, Inc., holding that appellant's state law fraud claims were barred under the doctrine of *res judicata*. *County of Boyd v. US Ecology, Inc.*, 858 F.Supp. 960 (D.Neb.1994). We affirm.

## I

The County of Boyd, Nebraska, and the Boyd County Local Monitoring Committee (collectively "County") sued appellee US Ecology, Inc. ("US Ecology"), asserting fraud and misrepresentation in the site selection process for a low-level radioactive waste dump that US Ecology seeks to locate in the County. As will be seen, this was just the latest in a series of actions attempting to block the dump.

US Ecology operates under contract with the Central Interstate Low–Level Radioactive Waste Commission ("Commission"). The Commission in its turn was created by the Central Interstate Low–Level Radioactive Waste Compact ("Compact"), a congressionally sanctioned multi-state agreement, to carry out the Compact's charge of establishing a low-level radioactive waste management system for a number of midwestern states including Nebraska.[2]

The site selection process, including the community consent requirement at the heart of this case, was duly adopted by the Commission. To simplify a complex story, after the County consented to being considered as dump site, US Ecology and the Commission ended a long selection process by deciding to locate the dump near the village of Butte in Boyd County. Under the Compact terms, judicial review of any final Commission decision must be sought within 60 days. Compact, art. IV, ¶ (*l*), *reprinted in* 2A NEB.REV. STAT. app. ¶ (BB) at 964 (1989).

This filing deadline was missed by several years. Consequently, actions against US Ecology and the Commission by the governor and state of Nebraska seeking judicial review of the site selection have been held to be time-barred. *Nebraska ex rel. Nelson v. Central Interstate Low–Level Radioactive Waste Comm'n*, 834 F.Supp. 1205 (D.Neb. 1993) (*Nelson I*) *aff'd*, 26 F.3d 77 (8th Cir.) (*Nelson I Appeal*), *cert. denied*, — U.S. —, 115 S.Ct. 483, 130 L.Ed.2d 395 (1994); *Nebraska ex rel. Nelson v. Central Interstate Low–Level Radioactive Waste Comm'n*, No. 4:CV93–3367, slip op., 1993 WL 738576 (D.Neb. Dec. 3, 1993) (Mem. and Order) (*Nelson II*) (unreported decision holding that Commission proposal to downsize the dump was not a new final site selection decision requiring renewed community consent).

After the district court decision in *Nelson II*, the County brought this action in Nebraska state court. US Ecology removed the case to federal court, and the district court denied the County's motion to remand, which alleged lack of federal question jurisdiction and asserted that the amount in controversy did not exceed $50,000. The district court granted summary judgment for US Ecology, holding that the County's claims were barred as *res judicata* by the *Nelson* judgments. This appeal followed.

## II

■ The County challenges for the first time on appeal the existence of diversity jurisdiction by asserting that US Ecology's principal place of business is Nebraska, not Texas as alleged by US Ecology in its notice of removal to federal court. In support of this assertion, the County provides no more than a copy of a letterhead showing addresses for US Ecology in Nebraska and Kentucky, but not in California, US Ecology's state of incorporation, nor in Texas, alleged in US Ecology's notice of removal to be its principal place of business. We doubt whether a piece of stationery, proffered for the first time in the County's reply brief, constitutes a cognizable challenge to US Ecology's jurisdictional allegations. We need not resolve this question, however, because whatever the diversity situation, this

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

2. For background on the Compact, see *Concerned Citizens of Nebraska v. U.S. Nuclear Reg. Comm'n*, 970 F.2d 421 (8th Cir.1992).

case is within our subject matter jurisdiction because it presents a federal question.[3]

■ The County here asserts that US Ecology breached its duty to seek community support for its dump site. It has already been decided that any community consent requirement is rooted not in state law but in a resolution adopted by the Commission. *Nelson I*, 834 F.Supp. at 1208. An interstate compact is a creature of federal law. *Id.* at 1210 (citing *Cuyler v. Adams*, 449 U.S. 433, 438, 101 S.Ct. 703, 706, 66 L.Ed.2d 641 (1981)). Therefore, any duty to seek community consent that may have been created by the Commission was adopted pursuant to the laws of the United States, and so federal question jurisdiction exists.

### III

■ The district court granted summary judgment for US Ecology, holding that the County's community consent-based claims were precluded by earlier final judgments. The district court held that 1) the County raised the same cause of action asserted in the earlier cases, and 2) the County, while not actually a party to the earlier actions, was closely enough related to and had sufficient unity of interests with the prior plaintiffs to warrant preclusion.

The earlier decisions at issue held that Nebraska's community consent-based "challenge to the Commission's site selection ... is barred by the Compact's limitations period." *Nelson I Appeal,* 26 F.3d at 81; *see Nelson II*, No. 4:CV93–3367, slip op. (D.Neb. Dec. 3, 1993).

The County argues that its claim here differs from those asserted in the *Nelson* cases because it asserts state law tort claims. The County argues that in gaining community consent to consider the Boyd County site, US Ecology made negligent and fraudulent misrepresentations that were relied upon by the County, whereas the *Nelson* cases "litigated whether [US Ecology] had [actually] obtained the requisite community consent as

required by" the Commission and the state of Nebraska." County of Boyd Br. at 7.

■ The instant legal theories of misrepresentation and fraud may well be different from those presented in the *Nelson* litigation. However, this does not mean the cause of action underlying the theories is different. The doctrine of claim preclusion provides that all theories of recovery stemming from one factual situation must be brought at once, or are forfeited; the law will not tolerate successive suits by a plaintiff stemming from the same scenario. *Ruple v. City of Vermillion*, 714 F.2d 860, 861 (8th Cir.1983) ("There is no reason to give a claimant more than one fair chance to present the substance of his or her case."), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir.1982). If the facts needed to prove the later case are the same as those needed to prove the earlier case, claim preclusion applies. *Murphy v. Jones*, 877 F.2d 682, 685 (8th Cir.1989). That is the case here.

■ Of course, the general common law rule is that claim preclusion only works against those who had a fair chance to contest the earlier suit. *Gerrard v. Larsen*, 517 F.2d 1127, 1133 (8th Cir.1975). This rule has in recent decades been liberalized, and the focus of the claim preclusion inquiry has in some instances shifted from whether a party itself participated in the prior litigation to whether the party's interests were fully represented in the earlier case, albeit by another. *Headley v. Bacon*, 828 F.2d 1272, 1277 (8th Cir.1987); *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 827 (8th Cir.1989). Here, the district court, in its comprehensive, thorough opinion, held that the interests of the plaintiffs in the *Nelson* cases and the County herein were nearly identical. *County of Boyd*, 858 F.Supp. at 971–73.

No other conclusion is possible. In the *Nelson* cases, the County's residents were represented by the state and the governor of Nebraska; in the present action, they are represented by the County, which seeks

---

**3.** We reject the County's challenge to the district court's finding regarding the amount alleged to

be in controversy.

identical relief. If this action were not precluded, and were the County to fail on the merits as the state of Nebraska did in the *Nelson* cases, a suit could well follow by the village of Butte, representing its residents, which if unsuccessful might well be followed by a class action on behalf of local residents. Preclusion bars such successive litigation.

The *Nelson* causes of action, like the County's, hinged on proof whether the federally created community consent requirements were fairly met. Proof of one claim would prove the other; thus, for preclusion purposes, the claims are the same. Likewise, as explained above, the plaintiffs in the *Nelson* cases are for preclusion purposes the same as those represented by the County here.

The judgment is affirmed.