# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1616

———————

Larry D. Miell, on behalf of himself      *
and all others similarly situated,     *
    *
         Plaintiff-Appellant,     *
    *   Appeal from the United States
    v.     *   District Court for the
    *   District of Minnesota.
Greyhound Lines, Inc.,     *
    *     [UNPUBLISHED]
         Defendant-Appellee.     *

———————

Submitted: November 16, 2001

Filed: December 3, 2001

———————

Before LOKEN, LAY, and RILEY, Circuit Judges.

———————

PER CURIAM.

Plaintiff Larry D. Miell, as representative of a class of similarly situated persons, seeks damages from defendant Greyhound Lines, Inc., alleging Greyhound breached its employment contracts when it decided in May 1990 to pay its drivers on an hourly basis rather than per mile. The district court[1] dismissed Miell's case. It ruled Miell was barred from proceeding by order of the United States Bankruptcy

———————

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, presiding.

Court for the Southern District of Texas enjoining him from pursuing his claims in any forum other than the bankruptcy court. We agree with the district court's analysis and affirm.

On June 4, 1990, Greyhound filed a voluntary petition for Chapter 11 relief. On October 10, 1991, the United States Bankruptcy Court for the Southern District of Texas entered an order confirming Greyhound's Third Amended Plan of Reorganization. The order discharged Greyhound from any debt arising before the confirmation date and enjoined all parties from taking any further judicial action for such claims outside the plan. The court specifically reserved jurisdiction over such claims. Miell never filed proof of claim under the plan.

On March 21, 1994, Miell filed a class action complaint in Minnesota state court asserting state law claims arising from Greyhound's alleged breach of contract. This suit alleged damages accruing prior to the October 1991 confirmation order. Greyhound moved in the Texas bankruptcy court to enforce the plan and confirmation order. Subsequently, Miell voluntarily dismissed his action.

On January 27, 1995, Miell filed a second class action suit in Minnesota state court, without leave of the bankruptcy court. The asserted grounds for liability were the same, but Miell only sought damages postdating the October 1991 confirmation order. Greyhound removed the case to Minnesota district court on diversity grounds and moved a second time in the Texas bankruptcy court to enforce the plan and confirmation order. The bankruptcy court ruled it had subject matter jurisdiction. It enforced the confirmation order and enjoined Miell from proceeding with his second complaint in any court other than the bankruptcy court.

Miell did not timely appeal that decision, and the bankruptcy court's order became final on October 10, 1995.

On February 28, 1997, Miell returned to the Texas bankruptcy court and filed a motion for relief from the confirmation order. Miell asserted he could not afford to litigate his claims in a foreign forum. The bankruptcy court denied relief after a hearing, chastising Miell for continuing to seek to avoid the bankruptcy plan.

On August 28, 1997, Miell timely appealed that order to the United States District Court for the Southern District of Texas. The district court also held Miell's claims had been discharged under the reorganization plan. It affirmed the bankruptcy court's order.

The Fifth Circuit Court of Appeals affirmed the district court on identical grounds.

On December 20, 2000, without leave of the bankruptcy court, Miell filed a motion to reopen the Minnesota federal court litigation "for the limited purpose" of having the federal district court remand the case to Minnesota state court. The district court denied Miell's motion on February 5, 2001. The court noted the bankruptcy court had subject matter jurisdiction over the second complaint and had ruled Miell's claims barred by the reorganization plan. It had enjoined Miell's pursuit of those claims in any and all courts. The court ruled Miell was barred from reopening the suit in Minnesota and denied Miell's motion. Now Miell appeals to this court, again claiming a right to recover on his contract claims.

**Discussion**

Greyhound argues that the bankruptcy court's order is clear and Miell cannot collaterally attack that order. We agree. The bankruptcy court's order clearly enjoins Miell from pursuing his claims in Minnesota or any other forum other than the bankruptcy court itself. See Memorandum Opinion (September 28, 1995) ("It is further ORDERED that Miell shall remedy all prior violations of the Confirmation

Injunction, including but not limited to immediately dismissing the [second complaint] with prejudice to refiling same in any court other than this Court in the Chapter 11 cases captioned above."). This order has res judicata effect. The same parties litigated the same issues in the same cause of action before three separate courts before bringing the instant case. On two separate occasions the Texas bankruptcy court held that Miell's claims were discharged by the 1991 bankruptcy and enjoined Miell from pursuing his claims in other forums pursuant to the confirmation injunction.[2] Both of these orders are final; Miell failed to appeal the first, and the second has been affirmed by the United States District Court for the Southern District of Texas and the Fifth Circuit. Thus, Miell is barred from pursuing his claims. See Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989) (stating res judicata requirements).[3]

Miell responds by arguing that the foregoing analysis is beyond the proper scope of our review. He asserts the district court lacked subject matter jurisdiction;

---

[2]Miell also argues the bankruptcy court's order has no effect because that court lacked jurisdiction. That argument is unavailing. The parties litigated the jurisdictional issue before the bankruptcy court, which found it had jurisdiction. This finding was affirmed by the Texas district court and the Fifth Circuit. This final judgment also is not subject to collateral attack. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations–both subject matter and personal.").

[3]We also agree with the merits of the prior decisions addressing Miell's claims. The reorganization plan clearly discharged Miell's claims. Although Miell currently seeks damages "accruing" after the confirmation order, the claims are based on an employment contract and a change in compensation policy arising prior to Greyhound's bankruptcy action. Thus, his claims were discharged. See Fed. R. Bankr. P. 3003(c)(2).

it lacked federal question jurisdiction because he presents only state law questions and lacked diversity jurisdiction because he does not meet the amount in controversy requirement. Thus, he asserts all this court can do is reverse the district court and order it to remand the case to Minnesota state court.

This argument is of no avail to Miell because of the procedural posture of the case. Miell seeks to reopen a case that has been enjoined by final order of a competent court with jurisdiction. In this unusual circumstance, considering the issues necessary to decide whether to reopen the case was a necessary first step. The district court properly considered those issues before considering the issue of remand. Because that analysis leads to the inevitable conclusion that Miell is barred from proceeding, the district court did not have to reach the remand issue and properly denied the motion to reopen. The district court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.