# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

————————

No. 02-6060MN

————————

| | | |
|---|---|---|
| In re: Thomas E. Woods and | * | |
|     Loanne D. Woods, | * | |
| | * | |
|     Debtors, | * | |
| | * | Appeal from the United States |
| Thomas E. Woods, | * | Bankruptcy Court for the |
| Loanne D. Woods, | * | District of Minnesota |
| | * | |
|     Debtors-Appellants, | * | |
| | * | |
|         v. | * | |
| | * | |
| Dwight Lindquist, | * | |
| | * | |
|     Trustee-Appellee, | * | |

————————

Submitted: January 15, 2003
Filed: February 3, 2003

————————

Before, HILL, SCHERMER, and FEDERMAN Bankruptcy Judges.

————————

FEDERMAN, Bankruptcy Judge.

————————

On October 16, 2002, the bankruptcy court entered an Order that granted the Chapter 7 trustee's motion to compel turnover of a 1998 Ford Contour.[1] Debtors appeal from that Order. We affirm.

## FACTUAL BACKGROUND

On September 20, 2001, debtors filed a Chapter 7 bankruptcy petition. At that time they owned a 1998 Ford Contour (the Ford) with a fair market value of $9,000.00. The Ford was subject to a lien in the amount of $8,826.00 held by Premier American Credit Union (Premier). Debtors also owned a share account with a balance of $7,849.69 located at Premier. The lien on the Ford was cross-collateralized with the share account. Debtors opted to claim the federal exemptions, as they are allowed to do in Minnesota. They, therefore, claimed an exemption of $5,555.00 as to the Ford and another automobile, and they claimed the share account as exempt. On November 28, 2001 the trustee filed an objection to the claim of exemption as to the cars, but he did not object to the claim of exemption as to the share account. On January 2, 2002, debtors obtained a discharge. On February 12, 2002, Premier notified debtors that it had applied all of the funds in the share account toward the debt on the Ford. Between the filing of the bankruptcy petition and the notice from Premier that it had set off its lien with the funds in the share account, debtors made five monthly payments to Premier in the total amount of $1,260.00. They did not, however, reaffirm the debt. On April 18, 2002, the bankruptcy court sustained, in part, the trustee's objection to the claim of exemption as to the Ford and allowed an exemption in the amount of $174.00. Debtors then amended their schedules and once again attempted to claim an exemption as to the Ford in the amount of $2,775.00. The trustee filed another objection, and on July 17, 2002, the bankruptcy court entered an Order sustaining the trustee's objection to debtors' amended exemptions. In that Order the bankruptcy court denied any exemption in excess of $174.00 based upon its Order of April 18, 2002. Debtors never appealed either the Order of April 18, 2002, or the Order of July 17, 2002.

---

[1]The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

On July 10, 2002, after the trustee determined that Premier's lien was never noted on the Certificate of Title for the Ford, he filed an adversary proceeding to avoid the lien. The trustee served debtors with a copy of the Complaint, but they never filed a response. On August 16, 2002, the trustee and Premier settled the adversary. Pursuant to the settlement, Premier, whose loan had by then been paid off, assigned any and all interest it had in the Ford to the trustee.

On October 1, 2002, the trustee filed a motion to compel the debtors to turn over the Ford. On October 16, 2002, the bankruptcy court granted that motion. Debtors filed a timely appeal from the Order of October 16, 2002.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[2] We review the legal conclusions of the bankruptcy court *de novo.*[3]

## DISCUSSION

Debtors claim that Premier could only assign to the trustee whatever interest it held at the time of the settlement. Therefore, after Premier satisfied its lien with the funds in the share account, Premier held no interest in the Ford to assign. Debtors, thus, base their appeal on section 542(a) of the Bankruptcy Code (the Code). Section 542(a) requires a debtor to turn over to the trustee any non-exempt property in his or her possession, unless that property is of inconsequential value:

---

[2]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Missouri Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[3]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.[4]

Debtors also claim that they increased their equity in the Ford by making post-petition payments with post-petition earnings, and that the trustee should not benefit from those payments. Finally, the debtors argue that the trustee did not object to their claim of exemption of the funds in the share account, and since Premier used those funds to satisfy its lien, debtors, and not the trustee, should benefit.

The trustee relies on the Order of April 18, 2002, which allowed debtors an exemption in the Ford in the amount of $174.00. Based upon that Order, the trustee argues that debtors own a car, which they owned on the petition date, with a fair market value of $9,000.00, and an allowed exemption of $174.00. Thus, the trustee claims that the Ford has substantial value to the estate.

The problem with debtors' arguments is that they are too late in making them. An Order either sustaining or overruling an objection to exemptions is a final Order.[5] As the Eighth Circuit stated in *In re Huebner*, almost every Circuit to address this issue has held that an Order granting or denying an exemption is final for purposes of appeal.[6] More recently,

---

[4]11 U.S.C. § 542(a).

[5]*Huebner v. Farmers State Bank (In re Huebner)*, 986 F.2d 1222, 1223 (8th Cir. 1993), *cert. denied, 510 U.S. 900, 114 S. Ct. 272, 126 L. Ed. 2d 223 (1993). (See also In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992); *In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir. 1990); *In re Cottrell*, 876 F.2d 540, 542 (6th Cir. 1989) *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985); *In re Jones* , 768 F.2d 923, 925-26 n. 3 (7th Cir. 1985), *In re White*, 727 F.2d 884, 885-86 (9th Cir. 1984); *John T. Mather Memorial Hosp. of Port Jefferson, Inc. v. Pearl*, 723 F.2d 193, 194 n. 1 (2nd Cir. 1983); *In re Miller*, 153 B.R. 269, 273 (Bankr. D. Minn. 1993). *But See In re Wisz*, 778 f.,2d 762, 764 (11th Cir. 1985) (holding that the denial of a claim of exemption is not final and not immediately appealable).

[6]*Id.*

the Ninth Circuit decided this issue and held that an Order granting or denying an exemption is a final Order, and any appeal from that Order <u>must</u> be taken within the time allowed under the Federal Rules of Bankruptcy Procedure.[7] The Federal Rules of Bankruptcy Procedure provide that a party seeking to appeal a final Order of the bankruptcy court must file a notice of appeal within ten days of the entry of the Order:

> **(a) TEN-DAY PERIOD.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.[8]

Debtors do not claim that they filed a notice of appeal from the Order entered on either April 18, 2002, or the Order entered July 17, 2002. Both of those Orders allowed debtors an exemption in the Ford in the amount of $174.00. On either of those dates, Premier had satisfied its lien, and debtors had made all post-petition payments on the Ford. Thus, the issue of the value of the estate's interest in the Ford needed to be raised at the time the bankruptcy court decided the amount of the exemption debtors would be allowed. The facts before the bankruptcy court when the trustee filed his motion to compel turnover were that debtors had in their possession a car they valued at $9,000.00 on the petition date, and as to which they had been allowed an exemption of $174.00. It was not error for the bankruptcy court to decide on those facts that the Ford was of substantial value to the estate and that debtor must turn over the Ford to the trustee. We, therefore, affirm the bankruptcy court's Order granting the trustee's motion to compel turnover of the 1998 Ford Contour, subject to debtors' claim of exemption in the amount of $174.00.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[7]*Preblich v. Battley (In re Preblich)*, 181 F.3d 1048, 1055 (9th Cir. 1999) (emphasis added).

[8]Fed. R. Bankr. P. 8002(a).