# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

Charles R. Fulbruge III
Clerk

No. 07-60431
Summary Calendar

DENIS DAVIS MARINGO

Petitioner

v.

ERIC H HOLDER, JR, U.S. ATTORNEY GENERAL

Respondent

Petition for Review from an Order of the
Board of Immigration Appeals
BIA No. A79 483 831

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Denis Davis Maringo (Maringo) petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of asylum, withholding of removal, and request for relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-60431

## I.    FACTUAL AND PROCEDURAL HISTORY

Maringo is a native and citizen of Tanzania.  Initially, in 2000, he entered the United States as a nonimmigrant B-2 visa holder.  Maringo has admitted that he fraudulently obtained that visa by forging an invitation to attend a seminar in the United States.  In 2001, he successfully changed his status and obtained a student visa.

Shortly thereafter, Maringo filed an application for asylum, alleging past persecution and a well-founded fear of persecution based on his political opinion that he had expressed in several articles he had written for publications in Tanzania.  He claimed to have criticized the Tanzanian government and police force in those articles.  The former INS found that he had failed to establish his eligibility for asylum and referred his case to an IJ.  In September of 2001, the INS served Maringo with a Notice to Appear (NTA), charging him with removability under 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted.  The next month, an IJ terminated the proceedings, apparently because it was discovered that Maringo had obtained a student visa and therefore was not removable for staying longer than allowed under his visitor visa.

In December of 2004, the Department of Homeland Security mailed Maringo a NTA that instituted new removal proceedings and charged him with removability under 8 U.S.C. 1227(a)(1)(C)(i) based on his failure to comply with the conditions of his nonimmigrant status.  Additionally, an amended NTA was mailed to Maringo on January 24, 2005, specifying how he had failed to maintain the conditions of his student visa.  Maringo failed to appear at the March 23 removal hearing and was ordered removed to Tanzania.

No. 07-60431

On December 15, 2005, Maringo pleaded guilty in district court to making a false statement in an application for adjustment of status and using a visa that had been procured by fraud in violation of 18 U.S.C. § 1546(a).  The court sentenced Maringo to time served for both offenses.

Subsequently, in Maringo's petition to reopen the removal proceedings before the IJ, Maringo stated that, on March 20, 2006, a pro bono attorney informed him how to retrieve information regarding his proceedings from a system run by the Executive Office of Immigration Review.  On March 23, he successfully accessed the system.  On March 31, Maringo filed a motion to reopen the instant proceedings, claiming that he had never received a NTA.  On May 8, the IJ granted the motion to reopen, stating that the notices may not have been mailed to Maringo's correct address.  On May 19, at an initial master calendar hearing, the IJ continued the case until May 25 to afford Maringo an opportunity to secure counsel.  At the May 25 hearing, Maringo, proceeding pro se, informed the IJ that he wanted to reapply for asylum.  The IJ then continued the removal proceeding until June 15.  At the June 15 hearing, after Maringo admitted that he did not attend Texas Southern University, the IJ found that he had failed to comply with the conditions of his student visa and thus found him removable by clear and convincing evidence.  Additionally, Maringo filed a supplemental application for asylum and the IJ set a hearing on the asylum application for July 17.  The IJ also ordered Maringo to have all documents in support of the application submitted by July 7.  The IJ conducted the asylum hearing over several days July 17, July 20, and August 30.  On December 4, the IJ denied Maringo's application for asylum.  The IJ expressly found that Maringo was not a credible witness.

No. 07-60431

Maringo appealed the IJ's decision to the Board of Immigration Appeals. The Board affirmed the denial of the application for asylum, withholding of removal, and protection under the Convention Against Torture. Maringo now petitions this Court for review of the BIA's dismissal of his appeal.

II.    ANALYSIS

A. Removal Order

Maringo contends that the doctrine of res judicata barred the charges that resulted in the removal order. He contends that the INS had the opportunity to charge him with the instant violation in the previous removal proceedings that were terminated in his favor. More specifically, he argues that, during the 2001 removal proceedings, the INS could have charged him with failure to comply with his student visa but waited until 2006 to bring the instant charge.

The doctrine of res judicata can be applied in an adjudicatory removal proceeding. *Medina v. INS,* 993 F.2d 499, 503 (5th Cir. 1993) (holding that res judicata barred the deportation proceedings because the INS previously had conceded the petitioner's citizenship). However, this Court has refused to find res judicata applicable in a case analogous to the one at bar. In *Peters v. Ashcroft,* Peters argued that the BIA was collaterally estopped from finding him removable because it had previously determined that he had not been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). 383 F.3d 302, 306 n.2 (5th Cir. 2004). We rejected this argument because the pending proceeding against Peters was "based on a wholly separate provision—8 U.S.C. § 1227(a)(2)(B)(i)—relating to prior drug-related offenses." *Id.* We therefore concluded that "the BIA's prior decision ha[d] no res judicata effect on the

current removal proceeding." *Id.* Likewise, in the instant case, the current basis for Maringo's removal—failure to comply with the student visa requirements pursuant to 8 U.S.C. § 1227(a)(1)(C)(i)—is a separate provision from the charge in the first proceeding that he was an alien remaining in the United States for a time longer than permitted in violation of 8 U.S.C. § 1227(a)(1)(B). Under these circumstances, res judicata does not apply to preclude Maringo's removal.

Maringo also argues that he was improperly charged with removability under 8 U.S.C. § 1227 because he had gained entrance to the United States by fraudulently obtaining a visitor visa. Instead, he asserts that he should have been charged under the provision that renders aliens inadmissible due to his never having been *properly* admitted. This argument overlooks the fact that he lawfully changed his status when he obtained his student visa. Thus, he has not shown that it was improper to charge him with removability under § 1227.

Maringo next contends that his due process rights were violated because the IJ did not allow him 10 days to attempt to secure the services of an attorney. Title 8 U.S.C. § 1229(b)(1) provides that:

> In order that an alien be permitted the opportunity to secure counsel before the first hearing date in proceedings under section 1229a of this title, the hearing date shall not be scheduled earlier than 10 days after the service of the notice to appear, unless the alien requests in writing an earlier hearing date.

As previously set forth, Maringo was ordered removed in absentia. Nonetheless, on May 8, he successfully reopened the removal proceedings because the NTA apparently had been sent to an incorrect address. On May 19, the IJ held an initial calendar hearing and continued the case until May 25. Maringo claims that the IJ should not have set the hearing on May 25, only six

No. 07-60431

days after the initial calendar hearing on May 19. As previously set forth, §
1229(b)(1) directs that "the hearing date shall not be scheduled earlier than 10
days after the service of the notice to appear." Maringo has admitted that he
became aware of the removal order on March 23. Also, he admitted that he had
been in contact with a pro bono attorney. Further, although the removal hearing
commenced six days after the calendar hearing, it was continued until June 15,
and Maringo did not obtain counsel during this time period. Under these
circumstances, Maringo has not shown that he was deprived of the opportunity
to obtain counsel in violation of his due process rights. *Cf. Prichard-Ciriza v.
I.N.S.*, 978 F.2d 218, 222 (5th Cir. 1992) (requiring an alien to demonstrate
prejudice that implicates the fundamental fairness of the proceeding to obtain
relief based upon a lack of representation).

        B.    Asylum

    Finally, Maringo challenges the denial of his application for asylum. We
review an IJ's factual findings for substantial evidence and will not reverse
unless the evidence compels a contrary finding. *See Chun v. INS*, 40 F.3d 76, 78
(5th Cir. 1994). "We cannot substitute our judgment for that of the BIA or IJ
with respect to the credibility of the witnesses or ultimate factual findings based
on credibility determinations." *Id.* (citation omitted).

    With respect to Maringo's credibility, the IJ stated that "[a]s [Maringo]
himself acknowledged during his hearing on the merits, his past history of
immigration fraud combined with a medical diagnosis of suffering from paranoid
delusions and auditory hallucinations make it difficult for this Court to accept
his testimony as true." The IJ noted that Maringo "has successfully perpetrated
frauds both upon the U.S. consulate that approved his B-2 visa application and

6

No. 07-60431

his law school" in Tanzania. The IJ also deemed implausible certain details of Maringo's story of being detained by government agents. The IJ also found that Maringo's story of government persecution was not corroborated by the 2005 Department of State Country Report on Tanzania. Accordingly, the IJ concluded that Maringo was not a credible witness and denied his application for asylum. Our review convinces us that the IJ's finding that Maringo was not a credible witness is supported by substantial evidence. The evidence certainly does not compel the opposite finding, *i.e.* that Maringo was a credible witness. We therefore affirm the BIA's denial of asylum.[1]

For the above reasons, the decision of the BIA is AFFIRMED. We GRANT Maringo's motion for leave to file a supplemental reply brief out of time. We DENY any remaining outstanding motions.

---

[1] Assuming *arguendo* that Maringo has adequately raised a CAT claim before us, the BIA's decision is supported by substantial evidence, and the record does not compel a contrary conclusion.