# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2178
_____

Pablo Cabrera Cardona

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 25, 2014
Filed: June 6, 2014

_____

Before RILEY, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Pablo Cabrera Cardona is a native and citizen of El Salvador. He petitions for review of a decision of the Board of Immigration Appeals, dismissing his appeal from the Immigration Judge ordering him removed. Because res judicata is inapplicable on these facts, we deny Cabrera Cardona's petition.

Cabrera Cardona was granted lawful permanent residence status in the United States in 1989. In 2002, he pled no contest to manslaughter and tampering with evidence and was found guilty in Nebraska state court. These two crimes were charged in the same charging document, and the two convictions arose from Cabrera Cardona's actions on the same day.

In 2003, the Department of Homeland Security (DHS) began removal proceedings against Cabrera Cardona based only on the manslaughter conviction, charging him as an alien convicted of an aggravated felony, specifically, a "crime of violence." 8 U.S.C. § 1101(a)(43)(F). The Immigration Judge (IJ) ordered him removed, but the Board of Immigration Appeals (BIA) terminated the removal proceedings, finding that manslaughter did not constitute a "crime of violence."

In 2011, DHS again began removal proceedings against Cabrera Cardona, this time based on the tampering with evidence conviction, charging him as an alien convicted of an aggravated felony, namely, "an offense relating to obstruction of justice." 8 U.S.C. § 1101(a)(43)(S). Cabrera Cardona admitted that the tampering with evidence conviction justified his removal. However, he argued that res judicata barred DHS from bringing the removal proceedings against him because the tampering with evidence conviction arose from the same nucleus of operative fact as the manslaughter conviction.

The IJ found res judicata inapplicable and ordered Cabrera Cardona removed. The BIA agreed, dismissing Cabrera Cardona's appeal. The BIA first noted that preclusion principles are applied more flexibly in the administrative context as compared to the judicial context. Assuming that the Eighth Circuit would apply res judicata in the administrative context of immigration proceedings in some circumstances, the BIA held it did not apply under these facts. Specifically, the BIA held that the causes of action were different since the first charge of removal "was

based on a different criminal conviction, requiring different proof, than the [second] aggravated felony charge."

If there is a final order of removal against an alien due to the alien's commission of a criminal offense, we have jurisdiction to review that final order if it involves "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C) & (D). We have jurisdiction to review Cabrera Cardona's res judicata argument as a question of law. See United States v. Brekke, 97 F.3d 1043, 1046-47 (8th Cir. 1996) (noting that the application of res judicata is a question of law); see also Dormescar v. U.S. Att'y Gen., 690 F.3d 1258, 1267-68 (11th Cir. 2012) (finding jurisdiction over alien's res judicata argument in removal proceeding based on criminal conviction); Johnson v. Whitehead, 647 F.3d 120, 129-31 (4th Cir. 2011) (reviewing issue preclusion ruling in criminal-alien-removal action subject to § 1252(a)(2)(C) bar, though not explicitly invoking § 1252(a)(2)(D)); Ali v. Mukasey, 529 F.3d 478, 488-89 (2d Cir. 2008) (reviewing issue preclusion); Duvall v. Att'y Gen., 436 F.3d 382, 386 (3d Cir. 2006) (reviewing issue preclusion).

Our circuit has yet to decide whether res judicata applies in immigration proceedings. We find it unnecessary to decide that question in this case because Cabrera Cardona cannot satisfy the res judicata elements. "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990); see also Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989) (whether something constitutes the same transaction is to be determined "pragmatically"). The parties agree that the first two elements are satisfied; thus, the only question is whether "the same cause of action" was involved in both cases. Two causes of action are the same if they arise "out of the same nucleus of operative fact," id. at 685, and if "proof of the same facts will

support both actions, or . . . the wrong for which redress is sought is the same in both actions," Poe v. John Deere Co., 695 F.2d 1103, 1106 (8th Cir. 1982).

Cabrera Cardona's manslaughter and tampering with evidence convictions are two different causes of action that arise out of different facts, require different proof, and redress different wrongs. "A person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another unintentionally while in the commission of an unlawful act." Neb. Rev. Stat. § 28-305(1). A person commits the offense of tampering with physical evidence if he "[d]estroys, mutilates, conceals, removes, or alters physical evidence with the intent to impair its verity or availability in the pending or prospective official proceeding" or "[k]nowingly makes, presents, or offers any false physical evidence with intent that it be introduced in the pending or prospective official proceeding." Neb. Rev. Stat. § 28-922(1). To prove these offenses, the Government would be required to present different evidence, as the two crimes' elements are not the same. Lane, 899 F.2d at 743 n.5 (noting that significant differences in the necessary proof may indicate that the two claims simply are not based on the same nucleus of operative fact); see also Duhaney v. Att'y Gen. of U.S., 621 F.3d 340, 349 (3d Cir. 2010). The fact that the two offenses occurred on the same day is not determinative, and here, that fact does not transform the two offenses into one, as their factual predicates remain different. Therefore, assuming without deciding that res judicata principles apply to immigration proceedings, the requisite elements are not present and the removal proceedings are not barred.

Accordingly, we deny Cabrera Cardona's petition for review.

_____