**REVISED January 8, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60212

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2020

Lyle W. Cayce
Clerk

MIGUEL ANGEL CHAVEZ-MERCADO,

> Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before OWEN, Chief Judge, and DENNIS and SOUTHWICK, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Miguel Angel Chavez-Mercado (Chavez), a native and citizen of Mexico, seeks review of a Board of Immigration Appeals (BIA) order dismissing an appeal from an Immigration Judge's (IJ) denial of his motion to terminate removal proceedings and order of removal. We DENY the petition for review in part and DISMISS in part for lack of jurisdiction.

**I**

Chavez entered the United States illegally in 1999 and adjusted to permanent resident status in 2005. On December 8, 2014, he was convicted of the Texas offenses of evading arrest with a motor vehicle under Tex. Penal Code § 38.04(b)(2)(a), Case No. CR-14-0083, and burglary of a habitation under

No. 17-60212

Tex. Penal Code § 30.02(c)(2), Case No. CR-14-0084, Chavez was sentenced to a four-year prison term in each case, to run concurrently.

In June 2015, while in Texas state custody, the Department of Homeland Security (DHS) served Chavez with a Notice to Appear (NTA) charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony; namely, a crime of violence, as defined under 18 U.S.C. § 16(b), for which the term of imprisonment is at least one year. *See* 8 U.S.C. § 1101(a)(43)(F).   The sole conviction listed in the NTA was Chavez's 2014 conviction for evading arrest with a vehicle.  The IJ held that Chavez's evading arrest conviction qualified as a crime of violence, and thus an aggravated felony, and ordered Chavez removed.   However, the BIA terminated the proceedings against Chavez in light of our then-existing panel opinion in *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), which held that § 16(b)'s definition of a crime of violence was unconstitutionally vague.[1] The BIA also noted that the DHS had not filed any other charge of removability or otherwise filed a brief in opposition to Chavez's appeal.

The DHS did not seek reconsideration of the BIA's decision and instead issued a new NTA against Chavez based on his December 2014 conviction for burglary of a habitation, which it alleged was also an aggravated felony.  This time, the DHS charged Chavez with removability under § 1227(a)(2)(A)(iii) for having been convicted of a "theft offense . . . or burglary offense" for which the term of imprisonment is at least one year. *See* § 1101(a)(43)(G).

The IJ purportedly declined to decide whether the burglary conviction constituted a theft or burglary offense under § 1101(a)(43)(G), but determined

---

[1] The BIA dismissed the proceedings against Chavez despite our decision to rehear the case en banc.  *See Gonzalez-Longoria*, 831 F.3d 670, 675 (5th Cir. 2016) (en banc) (holding that § 16(b) was not unconstitutionally vague).  The Supreme Court later abrogated the *Gonzalez-Longoria* en banc court's opinion, holding that § 16(b) was unconstitutionally vague.  *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

that his burglary conviction qualified as a crime of violence under § 1101(a)(43)(F) and that Chavez was therefore removable as an aggravated felon.[2] Chavez argued that res judicata barred the DHS from initiating new charges against him based on an alleged aggravated felony conviction that existed at the time of his first removal proceedings. However, the IJ held that res judicata did not apply and ordered Chavez removed. In his appeal to the BIA, Chavez challenged only the IJ's rejection of his res judicata argument. The BIA affirmed the IJ's decision, concluding that Chavez's removability based upon his burglary conviction had never been litigated and res judicata therefore did not apply. Chavez timely appealed.

## II

We generally review only the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). However, "[w]hen, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales,* 447 F.3d 433, 437 (5th Cir. 2006) (internal citations omitted). "We review factual findings of the BIA and IJ for substantial evidence, and questions of law de novo." *Zhu*, 493 F.3d at 594 (internal quotation marks and citations omitted). The res judicata effect of a prior judgment is a legal question that we review de novo. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine of res judicata applies to administrative adjudications in the immigration

---

[2] The IJ relied extensively on *United States v. Uribe*, 838 F.3d 667, 669 (5th Cir. 2016), which held that a conviction for burglary of a dwelling under most subsections of Texas Penal Code § 30.02 constituted general burglary and was thus a crime of violence. Though we later overruled *Uribe* sitting en banc in *United States v. Herrold*, 883 F.3d 517, 520 (5th Cir. 2018), the Supreme Court's decision in *Quarles v. United States*, 139 S. Ct. 1872 (2019), makes clear that Chavez's conviction for burglary of a dwelling under § 30.02(c)(2) constitutes a crime of violence under § 1101(43)(F).

## No. 17-60212

context. *Andrade v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006).  Under the doctrine, a valid final judgment precludes a second suit between the same parties on the same claim when there was an opportunity to reach the merits in the first litigation.  *Id.*; *see Medina v. I.N.S.*, 993 F.2d 499, 503 (5th Cir. 1993).

### III

The IJ determined that the issues in both removal proceedings against Chavez were different and, because whether Chavez's burglary conviction rendered him removable had not been addressed in the prior proceeding, res judicata did not apply.[3]  The BIA affirmed the IJ's decision "for the reasons articulated" by the IJ and based on our precedent.

Res judicata applies to bar a subsequent action when four elements are present: (1) both cases had the same parties; (2) a court of competent jurisdiction issued a judgment in the first case; (3) the first case was ended by way of a final judgment on the merits; and (4) both cases dealt with the same claim or cause of action.  *Test Masters*, 428 F.3d at 571.  Here, the parties agree that this appeal concerns only the fourth element: whether the first removal proceeding against Chavez involved the same claims or causes of action as the second removal proceeding.  *See id.*  Regarding the fourth element, the doctrine of res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Rhoades v. Penfold*, 694 F.2d 1043, 1048 (5th Cir. 1983) (quoting *Allen v. McCurry,* 449 U.S. 90 (1980)).  However, res judicata has been limited in application "to issues of fact or law necessary to the decision in the

---

[3] The IJ noted, however, that res judicata *would* preclude the DHS from initiating subsequent removal proceedings against him based on his February 2015 conviction for evading arrest, as the issue of whether this constituted an aggravated felony was resolved in the prior proceedings.

No. 17-60212

prior judgment" or, in other words, to situations in which "the allegedly barred claim [arises] out of the same nucleus of operative facts involved in the prior litigation." *Id.* (citing *Southern Jam, Inc. v. Robinson,* 675 F.2d 94, 96 (5th Cir. 1982)).

Chavez argues that the BIA's decision was erroneous for two reasons. First, he contends that the DHS knew of his burglary conviction when it brought the first proceedings, and its decision not to bring removal proceedings on that basis at that time barred it from doing so in subsequent litigation. However, while the DHS may have been aware of the December 2014 burglary conviction when it initiated the first proceeding against Chavez, the burglary conviction did not involve "issues of fact or law necessary to the decision in the prior judgment" involving Chavez's evading arrest conviction, for reasons explained below. *See Rhoades*, 694 F.2d at 1048.

Second, Chavez argues that his removal proceedings were both based on the same statutory provision, § 1227(a)(2)(A)(iii), and therefore the BIA erred by basing its reasoning in part on *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004), which involved charges of removability under two different statutory provisions. Although we have found res judicata inapplicable where subsequent removal proceedings were brought under a different statutory provision, s*ee Peters*, 383 F.3d at 305 n.2; *Maringo v. Holder*, 364 F. App'x 903 (5th Cir. 2010), this does not necessarily mean that res judicata applies because two removal proceedings were brought under the same statutory provision. Though we have not yet had occasion to decide whether res judicata applies under these precise circumstances, we do so now.

We use a transactional test to determine whether two cases involve the same claim or cause of action and res judicata applies. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing RESTATEMENT (SECOND) OF JUDGMENTS, § 24); *Test Masters*, 428 F.3d at 571. As noted, the critical

5

No. 17-60212

question is "whether the two cases . . . are based on 'the same nucleus of operative facts,'" rather than the type of relief requested or the substantive theories advanced. *Davenport*, 484 F.3d at 326; *see Rhoades*, 694 F.2d at 1048. The Second and Eighth Circuits have applied the transactional test in immigration cases and determined that res judicata did not apply under circumstances similar to those here. *See Cabrera Cardona v. Holder*, 754 F.3d 528 (8th Cir. 2014); *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275 (2d Cir. 2008).

In *Cabrera Cardona*, the petitioner was convicted of manslaughter and tampering with evidence arising from his actions on the same day, and the two crimes were charged in the same charging document. *See* 754 F.3d at 529. The DHS initiated removal proceedings based solely on the petitioner's manslaughter conviction, which it claimed was an aggravated felony; an IJ ordered the petitioner removed, but the BIA terminated the proceedings. *Id.* The DHS later filed a new charge of removability based on petitioner's tampering-with-evidence offense. *Id.* Both the IJ and BIA held res judicata inapplicable, concluding that petitioner's convictions for manslaughter and tampering-with-evidence were "different causes of action that [arose] out of different facts, require[d] different proof, and redress[ed] different wrongs." *Id.* at 529–30. The Eighth Circuit, examining the elements of each crime and concluding that the Government would be required to present different evidence to prove each offense, held that the factual predicate of each crime was different and therefore res judicata did not apply. *Id.* at 530.

Similarly, in *Channer*, the petitioner was convicted of state and federal crimes arising out of two separate incidents: a federal charge of carrying a firearm during a drug trafficking crime and state charges of robbery in the first degree and conspiracy to commit robbery. *See* 527 F.3d at 277. The Immigration and Naturalization Services (INS) initially charged the petitioner

as removable based solely on the federal conviction and, when the petitioner's federal conviction was later vacated and his removal was terminated, the INS initiated new removal proceedings based on his state convictions. *Id.* at 277–78. The Second Circuit held that res judicata did not apply to bar the second proceeding, concluding that the two proceedings involved different causes of action and "did not originate from the same nucleus of operative fact." *Id.* at 278–79, 281–82. The court reasoned, inter alia, that although the Government sought the same remedy in each proceeding—deportation for the commission of an aggravated felony—each conviction underlying the proceedings contained different elements and required different proof. *Id.* at 281.

Consistent with these opinions, we conclude that the convictions for evading arrest with a motor vehicle and burglary of a habitation underlying Chavez's removal proceedings were not "based on the same nucleus of operative facts." *See Cabrera Cardona*, 754 F.3d at 529; *Channer*, 527 F.3d at 280; *Davenport*, 484 F.3d at 326. Chavez was convicted of both offenses on December 8, 2014. However, his first offense of evading arrest with a motor vehicle occurred in November 2013. His second offense of burglary of a habitation occurred in March 2014. Moreover, each of Chavez's offenses had distinct elements and required different proof for conviction. *See Cabrera Cardona*, 754 F.3d at 530; *Channer*, 527 F.3d at 281. His conviction for evading arrest with a motor vehicle was based on proof that he intentionally fled, using a vehicle, from an officer attempting to lawfully arrest or detain him. By contrast, his conviction for burglary of a habitation required proof that he "intentionally or knowingly enter[ed] a habitation, without the effective consent of . . . the owner thereof, with intent to commit theft, and attempted to commit or committed a theft." Although the DHS sought the same remedy in each proceeding—Chavez's deportation for an aggravated felony—the operative facts underlying each conviction that formed the basis of removal

were different. *See Channer*, 527 F.3d at 281; *cf. Davenport*, 484 F.3d at 326 (finding the operative facts in two cases identical because they were based on the same transactions and events). Because the two proceedings against Chavez did not "deal[] with the same claim[s] or cause[s] of action," res judicata did not preclude the DHS from seeking to remove Chavez on the basis of his burglary conviction. *See Test Masters*, 428 F.3d at 571.

## IV

Chavez also argues, for the first time on appeal, that the DHS was precluded from filing a second NTA by 8 C.F.R. § 1240.10(e). He claims that this provision allows the DHS to pursue certain charges over others or substitute or amend pleadings, but not to initiate a second removal proceeding after failing to advance a charge of removability in the first. Because Chavez did not raise this argument before the BIA, we lack jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (a petitioner's failure to raise an issue before the BIA is a jurisdictional bar to our consideration of the issue).

**\*\*\***

For these reasons, we DENY Chavez's petition for review in part and DISMISS in part for lack of jurisdiction.