# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2025

Lyle W. Cayce
Clerk

No. 24-50992
Summary Calendar

———————————

Larry E. Webster, Jr.,

*Plaintiff—Appellant*,

*versus*

Karen Giddings; Czarnowski Display Service, Incorporated; Trumbull Insurance Company; Gallagher Bassett Services, Incorporated; Ritsema Law, L.L.C.; Tama Levine; Paul Feld; Jack Andrade; Stacy Reber; Michelle Atkisson; Kelly Cherf; Brittney Bratton; Joseph Merkel; Doug Stratton; Frank Bisignano, *Commissioner of Social Security Administration*; Whitney Thorp,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-882

———————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50992

Plaintiff-Appellant Larry E. Webster, Jr., appeals from the *sua sponte* dismissal of his *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2)(B)(i). Webster contends, for the second time, that Defendant-Appellee Commissioner of the Social Security Administration ("Commissioner") improperly denied his disability payments. *See Webster v. Kijakazi*, No. 21-50455, 2021 WL 4468889 (5th Cir. Sept. 29, 2021), *cert. denied*, 142 S. Ct. 1237 (2022) ("*Webster I*"). The district court dismissed Webster's complaint against the Commissioner because it was barred by *res judicata*. *Webster v. Giddings*, No. 6:22-cv-882, Dkt. No. 78 (W.D. Tex. Dec. 7, 2022) (adopting report and recommendation). Webster's complaint against the remaining defendants was dismissed for failure to state a claim. *Id.*

We review dismissal of an *in forma pauperis* complaint under § 1915(e)(2)(B)(i) for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). A complaint "is frivolous if it lacks an arguable basis in law or fact." *Id.* at 734. We review *de novo* a determination that a claim is barred by *res judicata*. *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001). It is the appellant's burden to address error on the part of the district court, *Park Nat. Bank of Hou. v. Kaminetzky*, 165 F.3d 24 (5th Cir. 1998) (per curiam) (dismissing as frivolous for failing to address error on district court's part), and to "address the merits of" the district court's opinion denying his claims, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The doctrine of *res judicata* bars a litigant from relitigating issues that were or could have been raised in a prior action. *Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020) (citations omitted). *Res judicata* applies if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is

No. 24-50992

involved in both suits. *Mowbray*, 274 F.3d at 282. The record makes clear that all issues and causes of action raised by Webster in this complaint are identical to the issues dismissed by the district court in *Webster I*, or are issues that should have been raised in *Webster I*. The district court was a court of competent jurisdiction that issued a final judgment on the merits. Both Webster and the Commissioner were parties to *Webster I*. *Res judicata* bars Websters claims against the Commissioner.

Webster's remaining contentions neither address nor identify any error by the district court. It is Webster's burden to identify such error, as "[w]e will not raise and discuss legal issues that [he] has failed to assert." *Brinkmann*, 813 F.2d at 748. The judgment of the district court is AFFIRMED.